## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PEAK BROADCASTING, LLC, *et al.*,[1] | ) | Case No. 12-10183 (___) |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (A) PROVIDING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) PROVIDING FOR WAIVER OF REQUIREMENT TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS IF PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
hereby file this motion (the "Motion") seeking entry of an order, pursuant to sections 105(a),
521, 1107, and 1108 of the Bankruptcy Code and Rules 1007(c) and 9006 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of
Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of
Delaware (the "Local Rules"), (a) extending the time period for the Debtors to file their
schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and
statements of financial affairs (collectively, the "Schedules and Statements") through and
including March 10, 2012 (which is estimated at thirty (30) days beyond the automatic thirty (30)
day extension provided under Local Rule 1007-1(b)); and (b) providing for a waiver of the
requirement of the Debtors to file the Schedules and Statements if the Debtors confirm their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Peak Broadcasting, LLC (3946); Peak Broadcasting of Boise, LLC (1578); Peak Broadcasting of Fresno, LLC (9637); Peak Broadcasting of Boise Licenses, LLC (6983); and Peak Broadcasting of Fresno Licenses, LLC (9730). The mailing address for the Debtors is 1071 West Shaw Ave., Fresno, CA 93711.

Prepackaged Plan (as defined below) prior to the expiration of such extension.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion under and pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2) (A), (M) and (O).

2.      The statutory predicates for the relief requested herein are sections 105 and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006 and Local Rule 1007-1(b).

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors each filed with this Court a voluntary petition under Bankruptcy Code, commencing the above-captioned cases (the "Chapter 11 Cases"), which the Debtors have requested be jointly administered for procedural purposes.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

5.      The Debtors filed various motions and applications seeking certain typical "first day" relief.  The Debtors also filed on the Petition Date a joint chapter 11 plan of reorganization (the "Prepackaged Plan" or "Plan"), together with a disclosure statement (the "Disclosure

Statement").[2]  The Debtors seek an order scheduling a combined confirmation hearing and

hearing on the adequacy of the disclosure in the Disclosure Statement at which time the Debtors

will seek approval of the Disclosure Statement and confirmation of the Prepackaged Plan.

6.      The Debtors operate radio stations in Fresno, California, and Boise, Idaho.  They

were founded in 2007 and are based in Fresno, California.

7.      A more detailed description of the facts and circumstances involving this case and

the Debtors' business is set forth in the Declaration of Todd Lawley in Support of the Debtors'

Chapter 11 Petitions and Request for First Day Relief (the "First Day Declaration") and the

Disclosure Statement, each filed contemporaneously with this Motion.

## THE PRE-PACKAGED PLAN OF REORGANIZATION

8.      Prior to the Petition Date, the Debtors engaged in intensive negotiations with their

Prepetition Lenders to reach a consensual agreement to restructure the Debtors' balance sheet

through a pre-negotiated chapter 11 plan.  After several months of negotiation, on October 12,

2011, the parties, who consisted of the Debtors, the Prepetition Lenders (except for one of the

Prepetition First Lien Lenders—Rabobank—which holds a minority share of the amounts

outstanding under the Prepetition First Lien Credit Agreement), the holders of

Management/Advisory Claims (DAG) and the interest holders in the Debtors, entered into a

Restructuring Support Agreement (as amended, the "Restructuring Support Agreement"), which

sets forth the terms of the contemplated restructuring.

9.      The terms of the restructuring are described in detail in the Disclosure Statement

and the Plan.  As described therein, the restructuring modifies only the Debtors' existing capital

and equity structures (as described in the Plan with respect to the treatment of Claims in Classes

---

[2] Unless otherwise indicated, capitalized terms not defined in this Motion shall have the meanings given to them in

-3-

2, 3, 4 and 7) and provides limited recovery for the DAG Management/Advisory Claims (as described in the Plan with respect to the treatment of Claims in Class 6), thereby preserving the rights of creditors other than the Prepetition Lenders, DAG and the equity interest holders and leaving such rights Unimpaired under the Plan.  Pursuant to the Plan, and in accordance with the terms of the Restructuring Support Agreement, despite the fact that the Prepetition Lenders, DAG and the interest holders (who have overwhelmingly committed to support the Plan) are Impaired, the Plan nonetheless provides for a full cash recovery to Holders of Class 5 General Unsecured Claims or such other treatment so as to render such Holders Unimpaired.

10.     The Debtors sought the approval of the restructuring through a consensual transaction outside of bankruptcy with the unanimous support of the Prepetition Lenders, DAG and the interest holders (the "Out-of-Court Restructuring"), or, if such unanimous consent was not obtained, in accordance with the terms of the Prepackaged Plan, subject to bankruptcy court approval.

11.     The deadline to vote to accept or reject the proposed restructuring (whether effectuated through the Out-Of-Court Restructuring or through the Prepackaged Plan) expired on January 3, 2012 at 4:00 p.m. (Prevailing Eastern Time).  Although Rabobank, as the lone holdout, voted to reject the Prepackaged Plan, all the other Prepetition Lenders and DAG voted in favor of the restructuring—specifically, the Prepackaged Plan was accepted by (i) approximately 75% in amount of Class 2 Claims (which holders constitute approximately 86% of the holders of Claims in such Class) and (ii) 100% of Class 3, 4 and 6 Claims (which holders constitute the holders of 100% of Claims in such Classes), thus satisfying the statutory percentages specified in section 1126(c) of the Bankruptcy Code.

the Plan and/or Disclosure Statement.

-4-

## RELIEF REQUESTED

12.     Pursuant to Bankruptcy Rule 1007(c) and this Motion, the Debtors request a brief extension of the deadline to file their Schedules and Statements through and including March 10, 2012 (the "Extension"), without prejudice to the Debtors' right to apply to this Court for further extension, upon appropriate notice and for cause shown, and assuming the Debtors confirm the Prepackaged Plan prior to the expiration of the Extension, waiving the requirement that such Schedules and Statements be filed.

13.     In as much as the Debtors anticipate that the Chapter 11 Cases will be of a short duration, the Debtors respectfully seek to have the deadline to file their Schedules and Statements extended in the manner set forth herein.  The general unsecured claims are unimpaired under the Debtors' Plan, and the Debtors will file concurrently herewith a motion seeking authority to pay such claims as they become due in the ordinary course of business, consistent with the Debtors' prepetition terms with such Creditors.  In addition, in the ordinary course of business, the Debtors make available to the impaired creditors monthly and quarterly financial statements.  As such, the Debtors believe that the goals of filing the schedules of assets and liabilities and statement of financial relief affairs are not as applicable in this case given the prepackaged nature of the Chapter 11 Cases, the support of Plan by the majority of the Debtors' Prepetition Lenders, and the fact that the unsecured claims are anticipated to be paid in full.

## BASIS FOR RELIEF

14.     Pursuant to Bankruptcy Rules 1007(a)(4) and (c) and Local Rule 1007-1(b), this Court is authorized to grant the Debtors additional time to file their Schedules and Statements for

cause beyond the automatic thirty (30) day extension provided under Local Rule 1007-1(b).[3] The Debtors respectfully submit that adequate cause exists for granting the extension requested herein.

15.    Although the Schedules and Statements were not filed with the Debtors' petitions, annexed to the petitions are the lists containing the names and addresses of the Debtors' thirty largest unsecured creditors.  In addition, the Debtors have filed with their petitions a creditor matrix containing all of the names and addresses of the Debtors' known creditors and other parties-in-interest in these cases as required by Bankruptcy Rule 1007(a).

16.    The Debtors, who have not engaged a financial advisor in connection with the Chapter 11 Cases, have been unable to complete their Schedules and Statements by the Petition Date because of the limited staffing available to perform the required internal review of the Debtors' books and records and accounts and affairs, the diversion of resources necessary to attend to numerous issues in connection with the preparation for the filing of these Chapter 11 Cases, the concentration of the Debtors' efforts on the preparation of the Prepackaged Plan and Disclosure Statement and the solicitation of votes on the plan, the preparation of various first-day pleadings and documents, and the accelerated pace at which the Debtors' time-sensitive bankruptcy efforts have proceeded.

17.    The Debtors require additional time in which to review their books and records and to conduct an inventory of their assets and list of executory contracts and unexpired leases in order to compile the information necessary to complete its Schedules and Statements.  The

---

[3] To the extent such automatic extension does not apply in the context of the posture of these Chapter 11 Cases, the Debtors respectfully seek an extension of the time to file their Schedules for such time beyond the 14 days that is otherwise accorded to debtors under the Bankruptcy Rules so that the extended deadline is March 10, 2012.

Debtors are leanly staffed and their efforts and resources have been diverted to attending to various operational issues arising at this early stage in these prepackaged cases.

18.    As such, the Debtors respectfully request that the Court extend the time as set forth in this Motion to prepare and file their Schedules and Statements through and including March 10, 2012.  This Court, as well as courts in other districts, has granted similar relief in other Chapter 11 cases.  *See, e.g., In re Evergreen Solar, Inc.*, Case No. 11-12590 (MFW) (Bankr. D. Del. Sept. 6, 2011) (Docket No. 149) (granting additional 16 days, for a total of 46 days from petition date); *In re DSI Holdings, Inc.*, Case No. 11-11941 (KJC) (Bankr. D. Del. Aug. 16, 2011) (Docket No. 231) (granting additional 30 days, for a total of 60 days from petition date); *In re HSF Holding, Inc.*, Case No. 09-11901 (PJW) (Bankr. D. Del. June 16, 2009) (granting additional 15 days, for a total of 45 days from petition date); *In re Aleris International, Inc.*, Case No. 09-10478 (BLS) (Bankr. D. Del. Feb. 13, 2009) (Docket No. 42) (granting additional 60 days, for a total of 90 days from the petition date).

19.    In addition, to the extent confirmation of the Debtors' Prepackaged Plan occurs before the expiration of the Extension sought in this Motion, the Debtors respectfully request that such confirmation be deemed to act as a waiver of the requirement to file the Schedules and Statements.  The Court has authority to grant the requested relief under Bankruptcy Code section 105(a), which grants the Court broad authority to issue any order that is appropriate to carry out the provisions of the Bankruptcy Code.  Such relief is common in "prepackaged" chapter 11 cases in this District.  *See, e.g., In re Affiliated Media, Inc.*, Case No. 10-10202 (KJC) (Bankr. D. Del Jan. 26, 2010) (extending the time to file schedules 90 days after petition date, and waiving the requirement upon confirmation of the plan); *In re Latham International, Inc., et al*, Case No. 09- 14490 (CSS) (Bankr. D. Del. Dec. 23, 2009) (extending the time to file schedules 55

-7-

days after the petition date, and waiving the requirement upon confirmation of the plan); *In re NTK Holdings, Inc., et al.*, Case No. 09-13611 (KJC) (Bankr. D. Del Nov. 19, 2009) (extending the time to file schedules 78 days after petition date, and waiving the requirement upon confirmation of the plan); *In re Source Interlink Companies, Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. May 28, 2009); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Sept. 19, 2008) (45-day additional extension granted with permanent waiver of requirement to file schedules conditional upon confirmation of plan); *In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 11, 2008) (45 day additional extension granted with permanent waiver of requirement to file schedules conditional upon confirmation of plan); *In re IWO Holdings, Inc.*, Case No. 05-10009 (PJW) (Bankr. D. Del. Jan. 4, 2005) (30-day additional extension granted with permanent waiver of requirement to file schedules conditional upon confirmation of plan).

20.     Given the prepackaged nature of the Chapter 11 Cases, the Debtors believe that the purposes served by filing the Schedules and Statements generally have been rendered moot by the terms of the Plan (*i.e.*, the Classes of impaired creditors have voted in support of the Plan and the proposed treatment thereunder, the unsecured creditors will be paid in full and are deemed to accept the Plan, and the interest holders are deemed to reject the Plan). As a result, the completion of the Schedules and Statements will not provide a sufficient benefit to parties in interest since their claims are being paid or consensually resolved. In addition, certain of the information contained in such Schedules and Statements is available in the Disclosure Statement, and the Debtors in the ordinary course of business make available to the impaired creditors monthly and quarterly financial statements. A debtor is generally required to file the Schedules and Statements in order to permit parties in interest to understand and assess a debtor's assets and

liabilities and thereafter negotiate and confirm a plan of reorganization. However, the Debtors have already negotiated the Prepackaged Plan and, as set forth in the Voting Declaration, solicited votes from those Classes entitled to vote thereon, who, upon solicitation, have voted overwhelmingly to accept the Prepackaged Plan. Accordingly, one of the primary justifications for requiring the Debtors to file the Schedules and Statements does not exist in the Chapter 11 Cases and the preparation of the Schedules and Statements would be unnecessary burdensome and costly to the Debtors' estates.

## NOTICE

21.     No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been given to: (a) the U.S. Trustee, (b) the Debtors' thirty largest unsecured creditors (on a consolidated basis), and (c) the Prepetition Lenders and counsel for each. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice of this Motion is necessary or required.

## NO PRIOR REQUEST FOR RELIEF

22.     No previous application for the relief sought herein has been made to this or to any other court.

WHEREFORE, Debtors respectfully request that this Court enter an order in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED: January 10, 2012

Respectfully submitted,

Michael R. Seidl (No. 3889)
Joshua M. Fried (CA Bar No. 181541)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:    mseidl@pszjlaw.com
           jfried@pszjlaw.com

- and -

Ori Katz (Cal. Bar. No. 209561)
Robert K. Sahyan (Cal. Bar No. 253763)
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947
E-mail:    okatz@sheppardmullin.com
           rsahyan@sheppardmullin.com

Proposed Attorneys for the Debtors and
Debtors-in-Possession